IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOCK McNEELY,

    Petitioner,                   No. CIV S-00-1358 JAM EFB P

    vs.

LOU BLANAS

    Respondent.               <u>FINDINGS AND RECOMMENDATIONS</u>

                                       /

        Dock McNeely, whose habeas case concluded in 2003 following an order from the Ninth Circuit that the writ be granted and that petitioner be released from custody, now seeks an order holding respondent in contempt. Dckt. No. 140; *see also McNeely v. Blanas*, 336 F.3d 822 (9th Cir. 2003); Dckt. Nos. 101 & 116 (orders from this court granting the writ and finding that respondent had complied with the order to release petitioner). Petitioner further seeks recusal of District Judge John A. Mendez, who was assigned to the case on November 9, 2010.

**I. Motion for Contempt**

        Petitioner contends that respondent has violated the 2003 orders from the Ninth Circuit and this court that he not be re-prosecuted for the charges filed against him for conduct allegedly committed in 1997-1998. *See McNeeley*, 336 F.3d at 832 (finding that petitioner had been deprived of his right to a speedy trial and ordering his release "with prejudice to re-prosecution

1

of the criminal charges."); Dckt. No. 140, Ex. B.  Those 1997-1998 charges were for lewd and lascivious conduct upon a child under 14 in violation of California Penal Code § 288 and for failing to register as a sex offender in violation of California Penal Code § 290.  *Id.* at 824.

Petitioner has not shown that respondent has violated the orders.  Petitioner's claim of contempt is based on an indictment filed against him in 2008 in Sacramento County Case No. 07F09282 charging him with failing to register as a sex offender in 2006, 2007 and 2008.  Dckt. No. 140, Ex. D.  As the 2008 indictment charges petitioner with different instances of alleged criminal conduct than the indictment at issue in this case, which concerned instances of alleged criminal conduct in 1997 and 1998, respondent has not violated the orders not to re-prosecute petitioner for the same charges.  The finding that respondent failed to provide petitioner with a speedy trial on the 1997-1998 charges does not preclude respondent from ever charging petitioner with, and prosecuting him for, alleged conduct that violates the same penal statutes at issue in the 1997-1998 indictment.  Instead, those orders concern only the specific 1997-1998 allegations of criminal conduct.[1]

**II.  Motion for Recusal**

Petitioner seeks recusal of District Judge John A. Mendez.  Dckt. No. 142.  The motion for recusal is based on Judge Mendez's order dismissing Case No. Civ. S-10-0728 JAM KJM P for failure to exhaust state remedies, which included a finding that petitioner's claim that the 2003 orders from the Ninth Circuit and this court did not preclude prosecution on the charges contained in the 2008 indictment.

/////

---

[1] The court notes that petitioner has raised this issue numerous times in different proceedings in this court, and that it has been rejected each time.  *McNeely v. McGinness*, No. Civ. S-09-0175 LEW JFM P, Dckt. Nos. 7, 9, & 28; *McNeely v. McGinness*, No. Civ. S-09-2375 JAM DAD P, Dckt. No. 24; *McNeely v. Swarthout*, No. Civ. S-10-0728 JAM KJM P, Dckt. No. 16 ("In *McNeely v. McGinness*, Civ. No. S-08-0175 LEW JFM P, petitioner argued that the prosecution in Sacramento County 07F09282 was barred because of the Ninth Circuit's opinion, a claim the Magistrate Judge, the District Judge, and the Ninth Circuit have rejected.  *See* Civ. No. S-08-0175 LEW JFM P, Docket Nos. 7, 9 & 28.").

1   A judge is required to disqualify himself if his impartiality might reasonably be
2 questioned, 28 U.S.C. § 455(a), or if he has a personal bias or prejudice concerning a party, 28
3 U.S.C. § 455(b)(1). Remarks made during the course of a judicial proceeding that are critical or
4 hostile to a party or his case ordinarily will not support a bias or partiality claim unless they
5 reveal an extrajudicial source for the opinion, or "such a high degree of favoritism or antagonism
6 as to make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

7   Where the source of alleged bias or prejudice is a judicial proceeding, plaintiff must
8 show a disposition on the part of the judge that "is so extreme as to display clear inability to
9 render fair judgment." *Liteky*, 510 U.S. at 551. "[O]pinions formed by the judge on the basis of
10 facts introduced or events occurring in the course of the current proceedings, or of prior
11 proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-
12 seated favoritism or antagonism that would make fair judgment impossible." *Id*. at 555. Bias is
13 not found where the judge has expressed anger or dissatisfaction or annoyance that are within the
14 bounds of reasonable behavior. *Id*. at 555-56.

15    The decision regarding disqualification is made by the judge whose impartiality is at
16 issue. *Bernard v. Coyne*, 31 F.3d 842, 843 (9th Cir. 1994). The test for disqualification under
17 § 455 is whether a reasonable person with knowledge of all the facts would conclude that the
18 judge's impartiality might reasonably be questioned. *United States v. Winston*, 613 F.2d 221,
19 222 (9th Cir. 1980). Evaluations of impartiality, bias or prejudice under § 455 are made using an
20 objective standard. *Id.*

21   Evaluated under this objective standard, petitioner has not demonstrated personal bias or
22 lack of impartiality on the part of Judge Mendez. Rather, petitioner is simply dissatisfied with
23 the ruling in Case No. Civ. S-10-0728 JAM KJM P. Adverse rulings do not establish bias nor
24 warrant recusal. Thus, petitioner's motion should be denied.

25 ////
26 ////

**III. Case Closed**

The court informs plaintiff that this case is closed. The court will issue no response to future filings by plaintiff in this action not authorized by the Federal Rules of Civil Procedure, the Federal Rules of Appellate Procedure, or the Rules Governing § 2254 Cases in the U.S. District Courts.

**IV. Recommendations**

For the foregoing reasons, it is hereby RECOMMENDED that:

1. Petitioner's motion for an order to show cause and a declaration of contempt, Dckt. No. 140, be denied; and

2. Petitioner's motion for recusal of District Judge John A. Mendez, Dckt. No. 142, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 1, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4